■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID P. DEMAR, Appellant. [633 NYS2d 853] —Casey, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered July 6, 1994, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the fifth degree (three counts) and burglary in the third degree.

On October 21, 1992 a woman complained to the State Police that defendant had taken her young son out of State without her permission. The woman also told the Village of Hudson Falls Police Department that defendant had stolen property from his landlord and his employer. When defendant was returned to Washington County, he was arrested for kidnapping. The police questioned defendant about the stolen property after he was apprised of his *Miranda* rights. Defendant

gave a written statement on November 2, 1992 but refused to sign it. Defendant had also given a written statement during an earlier police investigation of stolen property on October 8, 1992.

Defendant contends that he was never read his *Miranda* rights, never waived said rights and never gave a statement to the Hudson Falls Police officers. Following a *Huntley* hearing, which involved defendant's two unsigned written statements and certain telephone recordings obtained by the police with the assistance of the woman complainant on October 21, 1992, County Court ruled all statements admissible.*

Before trial, the prosecution moved to dismiss the count charging kidnapping and the motion was granted. The jury found defendant guilty of three counts of criminal possession of stolen property in the fifth degree and burglary in the third degree. Defendant, who elected not to testify in his own behalf and who called no witnesses, was acquitted of the charge of making a false written statement. Defendant was sentenced as a second felony offender to $3^1/_2$ to 7 years in prison for the burglary conviction and three one-year sentences for each stolen property conviction, all sentences to run concurrently. Defendant appeals.

Defendant's principal claim of error is that the introduction of his oral and written statements violated his constitutional right to counsel. Defendant contends that his right to counsel attached when he was arrested on the kidnapping charge and that he never waived this right. The Hudson Falls Police officers interviewed defendant after he was arrested on the kidnapping charge, and County Court expressly found that kidnapping was the charge on which defendant was being held. Under existing authority, we find no merit in defendant's claim of the denial of his right to counsel. The statements introduced against defendant at trial concerned the crimes of criminal possession of stolen property and burglary. At the time the incriminating statements regarding these crimes were obtained, defendant was being held only on the charge of kidnapping, an unrelated crime which had not then been dismissed. In these circumstances, the Court of Appeals has held that a defendant's incriminating statements, obtained on charges unrelated to the charge or charges on which defendant is being held, do not violate a defendant's right to counsel so as to render the statements inadmissible (*see, People v Bing*, 76 NY2d 331, 339, 350).

---

* Although the suppression hearing extended over the period from June 17, 1993 to March 25, 1994, the delay was the fault of defendant who fled the jurisdiction when he was released on bond.

We note that defendant did not have an attorney representing him at the time of the November 2, 1992 interview. As to defendant's contention that he was not properly informed of his *Miranda* rights, the testimony of the police officers at the *Huntley* hearing clearly demonstrates that defendant was fully informed of his rights and elected to talk to the officers anyway. The motion to suppress was, therefore, properly denied.

We also disagree with defendant's claim of legal insufficiency and find from the record that the verdict is neither legally insufficient nor against the weight of the evidence. Viewed in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find from the record a valid line of reasoning that supports the verdict and that all of the elements of the crimes found have been demonstrated beyond a reasonable doubt (*see, People v Bleakley*, 69 NY2d 490, 495). Not only was the evidence legally sufficient, it was largely unchallenged and uncontradicted. The evidence supports the verdict and is inconsistent with defendant's innocence (*see, People v Kennedy*, 47 NY2d 196, 203).

We find no merit in the other contentions raised by defendant and, accordingly, the judgment of conviction should be affirmed.

Cardona, P. J., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.